# 2nd Original

No. 17A62778

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**Date Summons Issued and E-Filed**

1/6/2017

**SUMMONS**

/s/ Monique Roberts

Deputy Clerk

Deposit Paid $ _____

STATE COURT OF
DEKALB COUNTY, GA
1/6/2017 8·58 19 AM
E-FILED
BY Monique Roberts

[ ] JURY

Michelle Ralston c/o HRE, LLC
119 N. McDonough St, Decatur GA 30030
Plaintiff's name and address

vs.

Louis Alberto Zava
7172 Havershire CV, Germantown, TN
                                    38138-4638
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit: Matthew R. Hagen c/o HRE, LLC

Name 119 North McDonough St, Decatur, GA 30030

Address (404) 522-7553                726952

Phone Number                          Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint

Defendant's Attorney _____          Third Party Attorney _____

Address _____                       Address _____

Phone No. _____ Georgia Bar No _____      Phone No. _____ Georgia Bar No. _____

**TYPE OF SUIT**

☐ Personal Injury ☐ Products Liability          Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability         Interest $ _____
☐ Other
                                                Atty Fees $ _____

**To indicate consent to e-service check the box below**

☐ (Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.



tabbies EXHIBIT A

E-file summons1-2014

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MICHELLE RALSTON,                    )
                                     )
                Plaintiff,           )    CIVIL ACTION
                                     )    FILE NO.: _____ 17A62778
                                     )
v.                                   )
                                     )
LOUIS ALBERTO ZAVA,                  )
                                     )
                Defendant.           )

## COMPLAINT

COMES NOW, Plaintiff Michelle Ralston (hereinafter referred to as "Plaintiff") in the above-styled action, by and through undersigned counsel, and files her Complaint against Defendant Louis Alberto Zava (hereinafter referred to as "Defendant") and shows this Court as follows.

(1)

Defendant was a resident of DeKalb County, Georgia at the time of the incident that is the subject matter of this complaint  Defendant is subject to the jurisdiction of this Court.

(2)

Defendant may be served with summons and process pursuant to the Georgia Long Arm Statute, O  C. G. A  § 9-10-90, et seq, at 7172 Havershire CV, Germantown, Tennessee 38138-4638.  Jurisdiction and venue are appropriate in this Court as to Defendant

(3)

On or about February 2, 2015, Plaintiff was traveling westbound on Perimeter

Center West when she stopped for traffic.

(4)

Defendant was also traveling westbound on Perimeter Center West directly behind Plaintiff when he struck the rear of Plaintiff's vehicle

(5)

Defendant's negligent acts or omissions which caused said collision and resulting injuries and property damage include, but may not be limited to the following.

(A)   Operating a motor vehicle recklessly and without due and proper regard for the safety of persons or property in violation of O C G A § 40-6-390, which is negligence per se;

(B)   Operating a vehicle in violation of O.C G A. § 40-6-241 by failing to exercise due care in the operation of the vehicle,

(C)   Following too closely in violation of O.C.G A § 40-6-49; and

(D)   With knowledge of the conditions present, failing to exercise ordinary care by not keeping attention on the roadway and by not keeping the vehicle under control so as to stop or take evasive maneuvers to avoid the collision,

(6)

As a direct and proximate result of Defendant's negligence, Plaintiff has incurred special damages which include but may not be limited to medical expenses, mileage, lost wages, and other miscellaneous expenses   Specifically, Plaintiff has incurred

2

approximately Nineteen Thousand Eight Hundred Twenty-Five and 00/100 ($19,825 00) Dollars in medical expenses to date.

(7)

As a direct and proximate result of Defendant's negligence, Plaintiff has incurred general damages, including pain and suffering.

(8)

The collision in which Defendant's vehicle struck Plaintiff's vehicle was caused solely by the negligence of Defendant.

WHEREFORE, Plaintiff prays that this Court award the following relief against Defendant.

       (A)   That process be issued,

       (B)   That reasonable damages be granted to Plaintiff and against Defendant for past, present and future general and special damages;

       (C)   That Plaintiff recover all attorneys' fees, expenses, and costs of this action, and

       (D)   Such further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Respectfully submitted this 6th day of January, 2017.

/s/ Matthew R. Hagen

MATTHEW R. HAGEN

State Bar of Georgia #726952

Attorney for Plaintiff

STATE COURT OF
DEKALB COUNTY, GA
1/6/2017 8 58 19 AM
E-FILED
BY. Monique Roberts

3

HAGEN, ROSSKOPF & EARLE, LLC
119 North McDonough Street
Decatur, Georgia 30030-3300
(404) 522-7553

# 2nd Original

### IN THE STATE COURT OF DEKALB COUNTY
### STATE OF GEORGIA

MICHELLE RALSTON,                   )
                                    )
            Plaintiff,              )        CIVIL ACTION
                                    )        FILE NO.: _17A02778___
                                    )
v.                                  )
                                    )
LOUIS ALBERTO ZAVA,                 )
                                    )
            Defendant.              )                    .

### PLAINTIFF'S REQUEST FOR ADMISSIONS, FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LOUIS ALBERTO ZAVA

### I.  INTRODUCTION

Pursuant to O C G A § 9-11-33, you are requested and instructed to answer the following Admissions and Interrogatories, separately and fully in writing under oath, and to serve your answer upon counsel for Plaintiff, Matthew R Hagen, Esq , Hagen Rosskopf & Earle, LLC, 119 North McDonough Street, Decatur, Georgia 30030-3300, within forty-five (45) days after service pursuant to O.C G A § 9-11-33.

These Interrogatories shall be continuing in nature and therefore according to the rules of the Georgia Civil Practice Act, O.C.G A §9-11-26(e), after you have responded to Interrogatories, you continue to be under a duty to supplement those Interrogatories to include information thereafter acquired with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters and the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony Furthermore, you are under a continuing duty seasonally to amend a prior response if you obtain information upon the basis of which you know that the response

STATE COURT OF
DEKALB COUNTY, GA
1/6/2017 8 58 19 AM
E-FILED
BY Monique Roberts

was incorrect when made or you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment. In addition to the above, a further duty to supplement responses may be imposed on you by agreement of the parties or at any time prior to trial through new requests for supplementation of prior responses O.C.G.A §9-11-26(e) as amended

If you object to any portion of any interrogatory, answer such interrogatory fully to the extent that such objection does not apply   If you are unable to give an exact date or amount, please give the best approximate date or amount which can be provided.   If you are unable to answer any part of any Interrogatory, answer the remaining parts as fully as possible and specify which part or parts you are unable to answer and why.

## II.  INSTRUCTIONS

Objections Based on Privilege   In the event that any documents or things requested herein are withheld under a claim of privilege, please provide the following information with respect to each such document or thing:

(a)      The type of document or thing, its general subject matter, and the place and approximate date it was prepared or created;

(b)      The name and title of each person who prepared or created the document or thing and the name and title of each other person who has received or examined the document or thing or a copy thereof,

(c)      The type of privilege claimed;

(d)      A statement of the circumstances which bear on whether or not the claim or privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the document or thing,

(e)        The number of each specific document request to which the withheld document is responsive; and

(f)        If privilege is claimed as to any document otherwise covered by this request for production, Plaintiff requests that each document as to which privilege is claimed be identified in a manner such that the court may determine whether or not such document is entitled to be accorded privileged status

Documents No Longer in Possession.  If any document within the scope of a document request was at one time in existence and under Defendant's possession, custody, or control, but has been lost, discarded, or destroyed, or has been removed from Defendant's possession, custody, or control, then with respect to each such document

(a)        Identify and describe such document by date, title, and type of document;

(b)        State when each such document was most recently in the possession or subject to the control of Defendant and what disposition was made of such document, including an identification of the person, if any, presently in possession or control of such document,

(c)        State when such document was transferred or destroyed, identify the person who transferred or destroyed such document, the persons who authorized or directed that the document be transferred or destroyed or having knowledge of its transfer or destruction, and state the reason such document was transferred or destroyed, and

(d)        Identify all persons having knowledge of the contents thereof.

<u>Organization of Documents</u>   All documents produced in response to this request shall be organized and labeled to correspond with the number of the document request to which the documents are responsive

### III.   DEFINITIONS

1.   When used herein, the term "identify" when used in connection with individuals, means to provide the individual's name, last known address, and current telephone number, if known.   "Identify" when used in connection with documents, means to identify the location of a document, and the individual who has possession of the document now   If a document is a part of a group of documents, they may be described by group, provided that the description is sufficient to identify the documents contained in the group.   If the documents has been previously identified fully, it may be identified by name in subsequent responses …- ——-——- -

2.   When used herein, the terms "Defendant" or "you" or "your" refer to the Defendant or Defendants in this action

3   When used herein, "Plaintiff" refers to the Plaintiff or Plaintiffs in this action

4   As used herein, "document" shall mean, but without limitation, every writing or record of every type and description that is or has been in the possession, control, or custody of Defendant or of which Defendant has knowledge, including, without limitation   correspondence, invoices, contracts, agreements, purchase orders, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, photographs, voice recordings, maps, graphs, reports, surveys, or statistical compilations, every copy of such a writing or record where the

original is not in the possession, custody, or control of Defendant, and every copy of every such record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original

5      As used herein, "person" shall mean any individual, firm, association, governmental agency, or any other organization or entity.

6.      As used herein, "date" shall mean the exact date, month, and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

7      As used herein, "identify" or "specify," when used in reference to:

(a)      a person who is an <u>individual</u>, means to state his full name, present or last known residence address (designating which) and present and last known business or government affiliation (designating which) job title, employment address, business, and residence telephone numbers (designating which);

(b)      in the case of a <u>document</u>, the title (if any), the date, author, sender, recipient, the identity of the person signing it, type of document (i e., a letter, memorandum, book, telegram, chart, etc.) or some other means of identifying it, and its present location,

(c)      in the case of an <u>oral communication</u>, the date, subject matter, communicator, communicatee, nature of the communication, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto, in the case of a document within the possession, custody, control, or access of Defendant, whether

Defendant will make it available to Plaintiff's attorneys for inspection and/or copying; and in the case of a document that was, but is no longer, in the possession, custody, or control of Defendant, what disposition was made of it, and why.

8.    Time -- unless otherwise indicated, each Interrogatory is limited to the period from February 2, 2015, through and including the date of your answer hereto

9.    When the identification of documents is requested by these Interrogatories, Defendant may, in lieu of identification, attach legible copies of the documents to its answer to the Interrogatories, provided it marks each document to designate the paragraph of the Interrogatory to which the document is responsive

## IV. REQUEST FOR ADMISSIONS

1.

You have been correctly named in the present cause insofar as the legal designation of your name is concerned

2.

That you have been properly served as a party defendant.

3.

That service of process is sufficient with regard to you in this case

4.

State Court of DeKalb County has jurisdiction over the subject matter of this case

5

State Court of DeKalb County has personal jurisdiction over you as a party Defendant in this case

6.

Venue is proper in the State Court of DeKalb County

7.

The Plaintiff states a claim upon which relief can be granted

8

The Plaintiff has not failed to join a party under O C G A. § 9-11-19

9

On February 2, 2015, you were driving a 2000 Jeep Grand Cherokee.

10.

On February 2, 2015, you were the owner of the same vehicle as referenced in Admission No. 9

11

Defendant admits that he was covered by a policy of automobile insurance with Farmers Insurance Company that was in effect as of the date of the occurrence forming the basis of Plaintiff's Complaint for damages

12

Defendant admits that he has received no reservation of rights letter regarding the denial of coverage of insurance in connection with this lawsuit.

13

Defendant admits that on February 2, 2015, he was involved in a motor vehicle collision between him and a vehicle driven by Plaintiff

14.

Plaintiff was not contributorily negligent in the incident in this case.

15.

Plaintiff did nothing wrong with regard to the collision at issue in this case

16

Plaintiff did nothing wrong to cause the injuries sustained in this incident in this case.

17

Defendant has no knowledge of the extent of injuries sustained by Plaintiff in this case

18.

Defendant has no knowledge of the treatment received by Plaintiff for injuries sustained in this case.

19.

Defendant has no knowledge of the reasonable charges for treatment received by Plaintiff for injuries sustained in this incident

20.

Defendant has no knowledge of the force of the impact experienced by Plaintiff in this incident

21.

Defendant admits he violated O C G A §40-6-49 as it relates to the collision at issue

22

Defendant admits that he resides at 7172 Havershire CV, Germantown, Tennessee 38138-4638, and that service of process can be made on him at that location

23.

Defendant admits he was alone in his vehicle at the time of the collision with Plaintiff's vehicle on February 2, 2015

## V. INTERROGATORIES

(1)

Identify each and every person who assisted in the preparation of your responses to these Interrogatories or who have provided information used for responding to these Interrogatories.

(2)

Please state your full name, all aliases and/or former names you have previously used, your date of birth, and social security number

(3)

Please state your current address and your prior address(es) for the past ten (10) years.

(4)

Identify the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all witnesses who either saw or claim they saw all or any part of the occurrence complained of in this action, as well as those witnesses who arrived at the scene immediately or shortly after said occurrence.

(5)

Identify the names, addresses, home telephone numbers, and places of employment, including all job titles or capacities, and present whereabouts of all persons having knowledge or relevant information concerning facts or circumstances in this case.

(6)

Identify the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all persons who have given written statements, mechanically recorded statements, or oral statements later reduced to writing to you, your attorney, your insurance carrier, or anyone else to your knowledge concerning in any way the facts and circumstances of the incident which is the subject matter of this litigation, listing for each statement the date of same and to whom the statement was given

(7)

Identify the names and addresses of all insurance companies for which you have liability or other insurance coverage relating to the matter alleged in the Plaintiff's Complaint, the number or numbers of such policies, the amount of liability or other coverage provided in each policy and the named insured in the same.

(8)

Please state in detail the following.

a)      Do you live with any relatives;

b)      Does the relative or relatives have an automobile,

c)      If so, please provide a copy of the insurance policy

(9)

Furnish a detailed factual basis for each defense and/or counterclaim you assert in your answer to Plaintiff's Complaint.

(10)

Identify all persons retained by you or expected to be retained by you as expert witnesses for use at trial, and with respect to each expert identified, please state in detail the following

a) The subject matter upon which each expert either has, or is expected to investigate and form an opinion,

b) The substance of the facts known and opinions held by each expert, and

c) A detailed summary of the grounds for each such opinion.

· (11)

Identify any lawsuit you have filed or any lawsuit filed against you for damages for any personal injury, illness, or disability, either prior to or subsequent to the occurrence complained of in Plaintiff's Complaint   For each such lawsuit identify when each such suit was filed, the name of each of the parties to each such suit, the nature and extent of the injury, illness, or disability for which damages were sought in each such suit, the circumstances in which the injury, illness, or disability occurred in each of the incidents referred to in each such complaint, and the ultimate disposition of each such suit, including the amount of each such settlement or judgment

(12)

Identify any previous or subsequent automobile, truck, motorcycle, or boat

collision(s) that did not result in litigation.  For such situations identify the date and location of each such accident, the name and address of each such person involved in each such accident, the nature and extent of any injuries sustained by you or the other party in each such collision, and the name and address of the treating physician for each such injury

(13)

If you have ever suffered or had an occurrence or history of dizziness or blacking out, epilepsy, insanity, fits, seizures, migraine headaches, or any impairment of your arms, legs, eyes, hands or feet, PRIOR TO the incident that is the subject of this lawsuit, please identify such condition and list the dates, names and addresses of any medical attention or consultation you have had for such condition.

(14)

Identify the name and address of your current spouse, the name and address of your previous spouse(s), the date of your marriage(s), the name, age, and present residence of each of your children, and the name and address of each of your adult relatives, including nieces and nephews, whether by blood or marriage, who live in the County in which this civil action is pending

(15)

Describe how the collision, which is the subject of this Complaint, took place

(16)

Do you contend that you were not at fault for having caused the collision involving your vehicle and the vehicle in which Plaintiff was driving on the date of this wreck?

(17)

If your response to Interrogatory Number 16, above, was in the affirmative, identify all facts in support of your contention

(18)

If you received a traffic citation in connection with the incident forming the basis of the Complaint in the present action, then please

(A) Identify all charges against you;

(B) State whether you entered a plea to the citation(s) and, if so, what the plea was (e.g. guilty, not guilty, nolo),

(C) State whether you paid a fine and, if so, the amount of the fine,

(D) State whether you appeared in Court to contest the charge(s) against you, and

(E) Attach a copy of all citations with the response to these interrogatories

(19)

Please list your present motor vehicle operator's license number, the state issuing same, any restrictions on such license and whether valid at the time of the incident that is the subject to this lawsuit   Please attach a copy of your motor vehicle operator's license with the response to these interrogatories.

(20)

Do you contend any person or entity other than you is, or may be, liable in whole or in part for the claims asserted against you in this lawsuit?   If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether you have notified each such person or entity of your contention

(21)

State completely the nature and amount of any and all alcoholic beverages, narcotics, sedatives, tranquilizers, and/or medication, which you had consumed within the forty-eight (48) hour period immediately preceding the occurrence made the basis of this suit detailing where, what time, and how much of said alcohol and/or drugs were ingested.

(22)

If you claim that you have not been properly served in this action, please state your reason why

(23)

Identify all facts and records that would support any contention that Plaintiff(s)'s injuries pre-existed the wreck or were not caused by the collision or that symptoms had been exaggerated or that treatment was unnecessary or charges improper

(24)

Has any insurance company sent you a "reservation of rights" letter or "non-waiver agreement", or any other document describing a potential coverage problem?  If so, please attach a copy of the document to your response.

(25)

Please list all vehicles owned by any members of your household   Describe any policies of insurance which apply to any vehicle in your household

(26)

Please state the limits of liability or limits of coverage on each of the policies referred to in Paragraphs 25, including the effective dates of coverage, the policy number, named insureds, or else attach a copy of the declarations page to your

response to these interrogatories, above.

(27)

Are there any photographs, charts, diagrams, videotapes, or other illustrations of the incident, vehicles, the scene of the incident, or any of the people involved, which is the subject of this litigation? If so, please provide as to each such photograph, videotape, map, chart, diagram, or illustration, a precise description of each, the date each was made, by whom each was made, the subject matter of each, and the name and address of the person currently having custody or control of the original or the copy of each

(28)

Please state the names, addresses and telephone numbers of any relatives that you have who live in the county in which this case is pending.

## VI.  REQUESTS FOR PRODUCTION

(1)

All documents, that you identified or were requested to identify in Plaintiff's First Continuing Interrogatories to Defendant, or which otherwise reflect, refer to, evidence, comment upon, or relate in any way to the information requested in Plaintiff's First Continuing Interrogatories to Defendant.

(2)

All documents consulted, referred to, or otherwise utilized in any way in connection with the preparation of Defendant's responses to Plaintiff's First Continuing Interrogatories to Defendant.

(3)

All documents which Defendant contends contain relevant information in support

of any defense asserted by Defendant in this lawsuit.

(4)

All insurance policies for which Defendant has liability or other insurance coverage relating to the subject matter of this litigation.

(5)

Any and all documents other than those requested above or below that reflect, refer, or relate to any of the facts that form the subject matter of this litigation

(6)

All accident reports, and/or transcripts of any judicial hearing relevant to the incident giving rise to this litigation

(7)

Please produce a copy of any deposition or sworn statement ever given by you relating to the subject matter of this litigation

(8)

Please produce all photographs of the vehicles involved in the collision which is the subject matter of the present civil action

(9)

Pursuant to O C G A. § 9-11-34, Plaintiff hereby requests that Defendant produce all information and documents produced in the above-styled action in response to any and all of Defendant's Non-Party Request for Production of Documents

Respectfully submitted this 6th day of January, 2017.

**(Signature to appear on next page)**

/s/ Matthew R Hagen
MATTHEW R HAGEN
State Bar of Georgia #726952
Attorney for Plaintiff

HAGEN ROSSKOPF & EARLE, LLC
119 North McDonough Street
Decatur, Georgia 30030-3300
(404) 522-7553 – phone
(404) 522-7744 - fax
Matt@Hagen-Law com

STATE COURT OF
DEKALB COUNTY, GA.
1/6/2017 8:58:19 AM
E-FILED
BY. Monique Roberts

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MICHELLE RALSTON,                    )
                                     )    CIVIL ACTION
                 Plaintiff,          )    FILE NO.: _____
                                     )
v.                                   )
                                     )
LOUIS ALBERTO ZAVA,                  )
                                     )
                 Defendant.          )

## RULE 5.2 CERTIFICATION OF SERVICE

This is to certify that pursuant to Uniform Superior Court Rule 5.2, I have this day

served counsel for all parties in the above referenced action with a copy of PLAINTIFF'S

FIRST REQUEST FOR ADMISSIONS, FIRST CONTINUING INTERROGATORIES AND FIRST

REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LOUIS ALBERTO ZAVA by

having copies delivered to the following people via hand-delivery·

> Louis Alberto Zava
> 7172 Havershire CV
> Germantown, Tennessee   38138-4638

Respectfully submitted this 6th day of January, 2017

> Matthew R. Hagen _____
> MATTHEW R. HAGEN
> State Bar of Georgia #726952
> Attorney for Plaintiff

HAGEN ROSSKOPF & EARLE, LLC
119 North McDonough Street
Decatur, Georgia 30030-3300
(404) 522-7553 – phone
(404) 522-7744 - fax
Matt@Hagen-Law.com

# 2nd Original

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MICHELLE RALSTON, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) FILE NO.: _____ 17A62778 |
| | ) |
| v. | ) |
| | ) |
| LOUIS ALBERTO ZAVA, | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S REQUEST FOR ADMISSIONS, FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO AMERICAN FAMILY INSURANCE COMPANY

### I. INTRODUCTION

Pursuant to O C G.A § 9-11-33, you are requested and instructed to answer the following Interrogatories, separately and fully in writing under oath, and to serve your answer upon counsel for Plaintiff, Matthew R. Hagen, Esq., Hagen Rosskopf & Earle, LLC, 119 North McDonough Street, Decatur, Georgia 30030-3300, within forty-five (45) days after service pursuant to O C G.A. § 9-11-33.

These Interrogatories shall be continuing in nature and therefore according to the rules of the Georgia Civil Practice Act, O C G.A §9-11-26(e), after you have responded to Interrogatories, you continue to be under a duty to supplement those Interrogatories to include information thereafter acquired with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters and the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony Furthermore, you are under a continuing duty seasonably to amend a prior

response if you obtain information upon the basis of which you know that the response was incorrect when made or you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment  In addition to the above, a further duty to supplement responses may be imposed on you by agreement of the parties or at any time prior to trial through new requests for supplementation of prior responses O C G A. §9-11-26(e) as amended

If you object to any portion of any interrogatory, answer such interrogatory fully to the extent that such objection does not apply   If you are unable to give an exact date or amount, please give the best approximate date or amount which can be provided   If you are unable to answer any part of any Interrogatory, answer the remaining parts as fully as possible and specify which part or parts you are unable to answer and why

## II.   INSTRUCTIONS

Objections Based on Privilege   In the event that any documents or things requested herein are withheld under a claim of privilege, please provide the following information with respect to each such document or thing.

(a)      The type of document or thing, its general subject matter, and the place and approximate date it was prepared or created,

(b)      The name and title of each person who prepared or created the document or thing and the name and title of each other person who has received or examined the document or thing or a copy thereof;

(c)      The type of privilege claimed,

(d)     A statement of the circumstances which bear on whether or not the claim or privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the document or thing,

(e)     The number of each specific document request to which the withheld document is responsive; and

(f)     If privilege is claimed as to any document otherwise covered by this request for production, Plaintiff requests that each document as to which privilege is claimed be identified in a manner such that the court may determine whether or not such document is entitled to be accorded privileged status.

Documents No Longer in Possession.   If any document within the scope of a document request was at one time in existence and under Defendant's possession, custody, or control, but has been lost, discarded, or destroyed, or has been removed from Defendant's possession, custody, or control, then with respect to each such document:

(a)     Identify and describe such document by date, title, and type of document,

(b)     State when each such document was most recently in the possession or subject to the control of Defendant and what disposition was made of such document, including an identification of the person, if any, presently in possession or control of such document,

(c)     State when such document was transferred or destroyed, identify the person who transferred or destroyed such document, the persons who authorized

or directed that the document be transferred or destroyed or having knowledge of its transfer or destruction, and state the reason such document was transferred or destroyed, and

      (d)    Identify all persons having knowledge of the contents thereof.

      <u>Organization of Documents</u>   All documents produced in response to this request shall be organized and labeled to correspond with the number of the document request to which the documents are responsive

## III. DEFINITIONS

1    When used herein, the term "identify" when used in connection with individuals, means to provide the individual's name, last known address, and current telephone number, if known  "Identify" when used in connection with documents, means to identify the location of a document, and the individual who has possession of the document now  If a document is a part of a group of documents, they may be described by group, provided that the description is sufficient to identify the documents contained in the group  If the documents has been previously identified fully, it may be identified by name in subsequent responses

2.   When used herein, the terms "Defendant" or "you" or "your" refer to the Defendant or Defendants in this action

3.   When used herein, "Plaintiff" refers to the Plaintiff or Plaintiffs in this action

4    As used herein, "document" shall mean, but without limitation, every writing or record of every type and description that is or has been in the possession, control, or custody of Defendant or of which Defendant has knowledge, including, without

limitation   correspondence,   invoices,   contracts,   agreements,   purchase   orders, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, photographs, voice recordings, maps, graphs, reports, surveys, or statistical compilations, every copy of such a writing or record where the original is not in the possession, custody, or control of Defendant, and every copy of every such record where such copy is not an identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear on the original

5   As used herein, "person" shall mean any individual, firm, association, governmental agency, or any other organization or entity.

6   As used herein, "date" shall mean the exact date, month, and year, if ascertainable, or if not, the best available approximation (including relationship to other events).

7.   As used herein, "identify" or "specify," when used in reference to:

(a)   a person who is an <u>individual</u>, means to state his full name, present or last known residence address (designating which) and present and last known business or government affiliation (designating which) job title, employment address, business, and residence telephone numbers (designating which),

(b)   in the case of a <u>document</u>, the title (if any), the date, author, sender, recipient, the identity of the person signing it, type of document (i e, a letter, memorandum, book, telegram, chart, etc ) or some other means of identifying it, and its present location,

(c)    in the case of an <u>oral communication</u>, the date, subject matter, communicator, communicatee, nature of the communication, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto, in the case of a document within the possession, custody, control, or access of Defendant, whether Defendant will make it available to Plaintiff's attorneys for inspection and/or copying; and in the case of a document that was, but is no longer, in the possession, custody, or control of Defendant, what disposition was made of it, and why.

8    <u>Time</u> -- unless otherwise indicated, each Interrogatory is limited to the period from February 2, 2015, through and including the date of your answer hereto.

9    When the identification of documents is requested by these Interrogatories, Defendant may, in lieu of identification, attach legible copies of the documents to its answer to the Interrogatories, provided it marks each document to designate the paragraph of the Interrogatory to which the document is responsive

## IV. <u>REQUEST FOR ADMISSIONS</u>

1

You have been correctly named in the present cause insofar as the legal designation of names is concerned

2.

That service of process is sufficient with regard to you in this case.

3

The State Court of DeKalb County has jurisdiction over the subject matter of this case.

4

Venue is proper in The State Court of DeKalb County.

5.

The Plaintiff states a claim upon which relief can be granted

6.

The Plaintiff has not failed to join a party under O C G A § 9-11-19

7

On February 2, 2015, you insured Plaintiff's vehicle.

8

On February 2, 2015, you provided uninsured motorist coverage which covered Plaintiff.

## V.  INTERROGATORIES

### (1)

Identify each and every person who assisted in the preparation of your responses to these Interrogatories or who have provided information used for responding to these Interrogatories

(2)

Identify the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all persons having knowledge or relevant information concerning facts or circumstances in this case

(3)

Identify the names, addresses, home telephone numbers, places of employment, job titles or capacities, and present whereabouts of all persons who have given written statements, mechanically recorded statements, or oral statements later reduced to writing to you, your attorney, your insurance carrier, or anyone else to your knowledge concerning in any way the facts and circumstances of the incident which is the subject matter of this litigation, listing for each statement the date of same and to whom the statement was given

(4)

Identify all liability or other insurance coverage relating to the matter alleged in the Plaintiff's Complaint, the number or numbers of such policies, the amount of liability or other coverage provided in each policy and the named insured in the same

(5)

Furnish a detailed factual basis for the defense(s) and/or counterclaim(s) you assert in your answer to Plaintiff's Complaint

(6)

Identify all persons retained by you or expected to be retained by you as expert witnesses for use at trial, and with respect to each expert identified, please state in detail

the following.

a)          The subject matter upon which each expert either has, or is

expected to investigate and form an opinion,

b)          The substance of the facts known and opinions held by each expert,

and

c)          A detailed summary of the grounds for each such opinion

(7)

Identify any photographs of the vehicles involved in this incident and/or the

accident scene

(8)

Do you contend any person or entity other than you is, or may be, liable in whole

or in part for the claims asserted against you in this lawsuit?   If so, state the full name

and address of each such person or entity, the legal basis for your contention, the facts

or evidence upon which your contention is based, and whether you have notified each

such person or entity of your contention.

## VI.   REQUESTS FOR PRODUCTION

(1)

All documents, that you identified or were requested to identify in Plaintiff's

First Continuing Interrogatories, or which otherwise reflect, refer to, evidence, comment

upon, or relate in any way to the information requested in Plaintiff's First Continuing

Interrogatories

(2)

All documents consulted, referred to, or otherwise utilized in any way in connection with the preparation of your responses to Plaintiff's First Continuing Interrogatories

(3)

All documents which you contend contains relevant information in support of any defense asserted by you in this lawsuit

(4)

All insurance policies for which your insured has liability or other insurance coverage relating to the subject matter of this litigation

(5)

Any and all documents other than those requested above or below that reflect, refer, or relate to any of the facts that form the subject matter of this litigation.

(6)

All accident reports, and/or transcripts of any judicial hearing relevant to the incident giving rise to this litigation

(7)

Please produce a copy of any deposition or sworn statement ever given by you relating to the subject matter of this litigation.

(8)

Please produce all photographs of the vehicles involved in the collision which is the subject matter of the present civil action.

(9)

Pursuant to O C G A § 9-11-34, Plaintiff hereby requests that Defendant produce

all information and documents produced in the above-styled action in response to any

and all of Defendant's Non-Party Request for Production of Documents

Respectfully submitted this the 6th day of January, 2017

/s/ Matthew R. Hagen
MATTHEW R. HAGEN
State Bar of Georgia #726952
Attorney for Plaintiff

HAGEN ROSSKOPF & EARLE, LLC
119 North McDonough Street
Decatur, Georgia 30030-3300
(404) 522-7553 – phone
(404) 522-7744 - fax
Matt@Hagen-Law com

STATE COURT OF
DEKALB COUNTY, GA.
1/6/2017 8 58.19 AM
E-FILED
BY. Monique Roberts

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

MICHELLE RALSTON,                          )
                                           )        CIVIL ACTION
                        Plaintiff,         )        FILE NO.: _____
                                           )
v.                                         )
                                           )
LOUIS ALBERTO ZAVA,                        )
                                           )
                        Defendant.         )

### RULE 5.2 CERTIFICATION OF SERVICE

This is to certify that pursuant to Uniform Superior Court Rule 5.2, I have this day served counsel for all parties in the above referenced action with a copy of **PLAINTIFF'S REQUEST FOR ADMISSIONS, FIRST CONTINUING INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO AMERICAN FAMILY INSURANCE COMPANY** by having copies delivered to the following people via hand-delivery·

>American Family Insurance Company·
>c/o CT Corporation Service Company
>40 Technology Parkway, South #300
>Norcross, Georgia 30092

Respectfully submitted this the 6th day of January, 2017

                              /s/ Matthew R. Hagen_____
                              MATTHEW R HAGEN
                              State Bar of Georgia #726952
HAGEN ROSSKOPF & EARLE, LLC   Attorney for Plaintiff
119 North McDonough Street
Decatur, Georgia 30030-3300
(404) 522-7553 – phone
(404) 522-7744 - fax
Matt@Hagen-Law.com

4

**COUNTY OF COBB**

**STATE OF GEORGIA**

### AFFIDAVIT

1.

I am making this Affidavit in accordance with O.C.G.A. Section 33-3-28 in support of my request for insurance disclosure.

2.

I am competent to testify as to facts which I know; however, some of the information contained herein results from legal conclusions provided to me by my attorney.

3.

I have been injured due to an incident reported to you by my attorney.

4.

I am making a claim against your insured for injuries sustained by me resulting from your insured's breach of duty of care to me, the Affiant.

Further, Affiant sayeth naught.

Michelle Ralf
AFFIANT

Subscribed and sworn to before me
This ___4___ day of __February__, 2016.

Mary Evelyn Loudermilk
NOTARY PUBLIC
My commission expires: 7/17/19

MARY EVELYN LOUDERMILK
NOTARY
PUBLIC
EXP. JULY 17, 2017
GILMER COUNTY, GA