**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MICHELLE RALSTON,                      :
                                       :
    Plaintiff,                      :
                                       :
v.                                     :          CIVIL ACTION NO.
                                       :          1:17-CV-611-RWS
LOUIS ALBERTO ZAVA, et al.,            :
                                       :
    Defendants.                     :
                                       :
                                       :
                                       :

**ORDER**

This case comes before the Court on Plaintiff Michelle Ralston's Motion

to Remand [7]. After reviewing the record, the Court enters the following

Order.

**Background**

This action arises from a car accident on or about February 2, 2015 in

which Defendant Louis Alberto Zava's vehicle allegedly struck the rear of

Plaintiff's vehicle. (Compl., Dkt. [1-1] ¶¶ 3-4.) Prior to filing the Complaint,

Plaintiff sent a demand letter, dated November 28, 2016, seeking $90,000.00

from Defendant Zava's insurer for alleged injuries, losses, and damages

suffered by Plaintiff.  (See Second Suppl. to Notice of Removal, Dkt. [9-1].)

On January 6, 2017, Plaintiff filed her Complaint in the State Court of DeKalb

County.  At the time the Complaint was filed, Plaintiff had incurred

approximately $19,825.00 in medical expenses, but sought damages for past,

present, and future general and special damages, including pain and suffering.

(Compl., Dkt. [1-1] ¶¶ 6-8.)  Defendant Zava removed the action to this Court

on the basis of diversity jurisdiction.  (Notice of Removal, Dkt. [1] ¶ 6.)  On

March 7, 2017, Plaintiff filed a Motion to Remand [7], asserting that the court

lacks subject matter jurisdiction because the amount in controversy does not

exceed $75,000.00.  (Pl.'s Mot. to Remand, Dkt. [7] at 1.)

## Discussion

### I.    Legal Standard

A defendant may only remove an action from state court if the federal

court would possess original jurisdiction over the subject matter.  28 U.S.C. §

1441(a).  "If at any time before final judgment it appears that the district court

lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. §

1447(c).  The district courts of the United States have jurisdiction over

diversity cases in which the parties are citizens of different states and the

2

amount in controversy is more than $75,000.00, not including interest and

costs.  28 U.S.C. § 1332(a)(1).  In the present case, the parties do not dispute

that they are citizens of different states; the only question is whether the

amount in controversy has been satisfied.

When determining subject matter jurisdiction, a court must construe the

removal statute narrowly and resolve any uncertainties in favor of remand.

Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).  Further, the

party seeking removal bears the burden of establishing federal jurisdiction.

Friedman v. N.Y. Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).  When a

plaintiff makes an unspecified claim for damages, a removing defendant must

establish damages by a preponderance of the evidence.  Tapscott v. MS Dealer

Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), rev'd on other grounds,

Cohen v. Office Depot, Inc., 204 F.3d 1069, 1076-77 (11th Cir. 2001).

Defendants are permitted to submit a broad range of evidence to meet

their burden of proof in removal actions.  "The substantive jurisdictional

requirements of removal do not limit the types of evidence that may be used to

satisfy the preponderance of the evidence standard.  Defendants may introduce

their own affidavits, declarations, or other documentation—provided of course

3

that removal is procedurally proper." Pretka v. Kolter City Plaza II, Inc., 608

F.3d 744, 755 (11th Cir. 2010).

A federal court cannot find that it has subject matter jurisdiction if the

benefit a plaintiff could receive is "too speculative and immeasurable to satisfy

the amount in controversy requirement." Leonard v. Enterprise Rent a Car, 279

F.3d 967, 973 (11th Cir. 2002). However, "a removing defendant is not

required to prove the amount in controversy beyond all doubt or to banish all

uncertainty about it." Pretka, 608 F.3d at 754. Courts may use their common

sense and judicial experience in determining whether the case stated in a

complaint meets the requirements of federal jurisdiction. Roe v. Michelin N.

Am., Inc., 613 F.3d 1058, 1061-62 (11th Cir. 2010).

## II.    Analysis

The parties agree that complete diversity exists, so the only issue here is

whether the amount in controversy exceeds $75,000.00. Plaintiff's  pre-suit

demand letter was for  $90,000.00, indicating that she thought her claims were

worth at least that amount. (Second Suppl. to Notice of Removal, Dkt. [9-1] at

7.) Although a settlement offer by itself is not determinative, "it counts for

something." Burns, 31 F.3d at 1097. If the settlement demand offers a

4

thorough and honest assessment of the claim, it is accorded greater weight. Farley v. Variety Wholesalers, Inc., No. 5:13-CV-52, 2013 WL 1748608, at *2 (M.D. Ga. Apr. 23, 2013).  On the other hand, an offer that is mere posturing and puffery weakens the offer's credibility.  Id.  In Farley, the Court found the demand letter to be an honest assessment of the plaintiff's damages because of its high level of detail, including specific facts regarding the plaintiff's claim and medical treatment and an itemization of her medical expenses "to the penny."  Id.  This level of detail showed "that Plaintiff's counsel adequately researched and prepared Plaintiff's claim, and therefore made an honest assessment of her damages."  Id.

Here, the demand letter is similarly detailed.  At 8 pages long, it describes Plaintiff's medical bills down to the penny.  (See Second Suppl. to Notice of Removal, Dkt. [9-1].)  It also uses great detail when describing Plaintiff's severe back, head, neck, and chest pain, including descriptions of neurologist visits, treatment at the emergency room, and the treatment of an 18-day severe headache.  (Id. at 3-5.)  The settlement demand also details the difficulty Plaintiff has doing basic household tasks and the injury's effect on her work productivity and personal life.  (Id. at 6.)  In short, the demand letter

5

is sufficiently detailed and well-researched to indicate it is not posturing and

puffery, but an honest assessment of the damages Plaintiff has and will incur.

The nature of Plaintiff's pain indicates her treatment will be continuing

and costly and that her demand of $90,000.00 was reasonable. Plaintiff's pain,

according to the demand letter, is both severe and ongoing. Again, Plaintiff

sought treatment with a neurologist and at an emergency room well after the

date of the accident. (Id. at 4-6.) Her treatment does not appear likely to

conclude or lessen in the near future. Applying its "judicial experience and

common sense," the Court finds it more likely than not that the amount in

controversy exceeds $75,000.00.

Plaintiff's argument in favor of remand is based on a strict understanding

of what evidence the Court can consider in assessing the amount in

controversy. According to Lowery v. Alabama Power Company, a district

court deciding whether removal was proper "has before it only the limited

universe of evidence available when the motion to remand is filed—i.e., the

notice of removal and accompanying documents." Lowery v. Alabama Power

Co., 67 F.3d 1184, 1214 (11th Cir. 2007). If those documents are insufficient

to support subject matter jurisdiction, the case must be remanded to state court

AO 72A
(Rev.8/82)

regardless of additional evidence outside the record at the time of removal. However, subsequent Eleventh Circuit cases have clarified that this rule is not as restrictive as it seems and have allowed post-removal evidence and other types of documentation. See Pretka, 608 F.3d at 755, 772 ("The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation."); Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000) ("While it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition. We ... adopt[ ] a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction.").

Thus, while the demand letter in this case was filed post-removal, it is still among the evidence the Court can use to decide whether the amount in controversy is met, as the court did in Farley. Like the plaintiff in Farley, the Plaintiff in this case suffers from severe and ongoing pain, and though the medical expenses up to the date of filing were below the amount in

7

controversy, her demand letter is evidence that her future expenses will exceed

the required amount in controversy.  Therefore, removal was proper and

Plaintiff's Motion to Remand [7] is **DENIED**.

### Conclusion

For the aforementioned reasons, the Court finds that it has subject matter

jurisdiction in this case. Plaintiff's Motion to Remand [7] is therefore

**DENIED.**

**SO ORDERED**, this _30_ᵗʰ day of May, 2017.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

8